Jeffrey D. Wolfe, Bar # 025386
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@jacobymeyersbankruptcy.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Ashley Williams,<br><br>       Plaintiff,<br><br>v.<br><br>Lighthouse Recovery Associates, LLC,<br><br>And<br><br>Cherry Creek Strategic Advisors, LLC<br><br>       Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Scottsdale, AZ at all times relevant to this action.

2. Defendant Lighthouse Recovery Associates, LLC is a Colorado limited liability company that maintained its principal place of business in Denver, CO at all times relevant to this action.

3. Defendant Cherry Creek Strategic Advisors, LLC is a Wyoming limited liability company that maintained its principal place of business in Denver CO at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

Complaint - 1

5. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant to this action, Defendants engaged in the business of consumer debt collection.

7. Defendants regularly use the telephone and mail to collect consumer debts that Defendants either purchased or had been hired to collect.

8. The principal source of Defendants' revenue is debt collection.

9. Defendants are "debt collectors" as defined by 15 U.S.C. §1692a(6).

10. Upon information and belief, both Defendants are the same entity contacting the same consumers regarding the same debts.

11. As described below, Defendants contacted Plaintiff about an obligation that Plaintiff allegedly owed to Best Buy, which had been incurred for personal rather than commercial purposes.

12. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. As described below, Defendants attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

15. On or around August 24, 2012, Defendants telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

16. During this communication, Plaintiff notified Defendants that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendants' telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

17. Despite this notice, Defendants telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on numerous occasions throughout the month of September 2012.

18. During several of these communications, Plaintiff again notified Defendants that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and that Defendants' telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

19. During several of the above communications, Defendants spoke to Plaintiff's co-workers and would threaten that Plaintiff would regret not returning Defendants' calls, Plaintiff would be reported to Human Resources, and that Plaintiff would get fired or have her wages garnished.

20. At the time of the above communication, Defendants had neither the intent nor the ability to garnish Plaintiff's wages and get Plaintiff fired.

21. On or around September 28, 2012, Defendants telephoned Plaintiff's place of employment in connection with the collection of the debt and spoke to Plaintiff's place of employment's receptionist.

22. During this communication, Defendants asked Plaintiff's receptionist to speak to Plaintiff's boss in connection with the collection of the debt.

23. At the time of the above communication, Defendants had no legal right to speak with Plaintiff's boss in connection with the collection of the debt.

24. During this communication, Defendants demanded to be put in touch with Plaintiff, as Plaintiff was not answering Defendants' telephone calls to Plaintiff's direct line.

25. Plaintiff's receptionist then transferred the call to Plaintiff in order to get off the phone with Defendants and described Defendants' communication as harassing.

26. During this communication, Plaintiff reiterated that Plaintiff could not receive Defendants' telephone calls at Plaintiff's place of employment.

27. During this communication, Defendants' employee, Stephanie Medina ("Stephanie"), demanded to be transferred to Plaintiff's Human Resources and boss to report the debt to Plaintiff's employer.

28. At the time of the above communications, Defendants did not have the legal right to report this information to Plaintiff's employer.

29. During this communication, Stephanie threatened to take legal action against Plaintiff.

30. At the time of the above communication, Defendants had neither the intent nor the ability to take legal action against Plaintiff.

31. During this communication, Stephanie chastised Plaintiff for not paying off the debt, referring to Plaintiff as irresponsible and lazy.

32. Despite the above communications, Plaintiff never received anything in writing from Defendants regarding the alleged debt.

33. Defendants would alternate using the name "Lighthouse Recovery" and "Cherry Creek Strategic" during the above communications.

34. Defendants' communications in using different names were meant to confuse Plaintiff as to who was illegally communicating with Plaintiff.

35. Defendant caused Plaintiff emotional distress.

36. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

37. Defendants violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

38. In support hereof, Plaintiff incorporates paragraphs 15-31 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

39. Defendants violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

40. In support hereof, Plaintiff incorporates paragraphs 15-31 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

41. Defendants violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

42. In support hereof, Plaintiff incorporates paragraphs 19-25 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

43. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

44. In support hereof, Plaintiff incorporates paragraphs 15-34 as if specifically stated herein.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

45. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

46. In support hereof, Plaintiff incorporates paragraphs 15-34 as if specifically stated herein.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

47. Defendants violated 15 U.S.C. §1692e6 by threatening to take action that cannot legally be taken or that was not intended to be taken.

48. In support hereof, Plaintiff incorporates paragraphs 19-20, 22-23, 27-30 as if specifically stated herein.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

49. Defendants violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

50. In support hereof, Plaintiff incorporates paragraphs 32 as if specifically stated herein.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

    a. Judgment against Defendants, jointly and severally, for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED,

Jacoby & Meyers Bankruptcy, LLP,

By: /s/ Jeffrey D. Wolfe
Jeffrey D. Wolfe, Bar # 025836
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jwolfe@jacobymeyersbankruptcy.com
Attorney for Plaintiff